UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANGEL MAXION and DAISY MAXION,
RICHARD GERHART and DONNA
GERHART, individually and on
behalf of all others similarly
situated,

        Plaintiffs,

    v.

BEAZER HOMES HOLDINGS
CORPORATION dba BEAZER HOMES,
a Delaware Corporation; BEAZER
HOMES HOLDINGS CORP., a
Delaware Corporation; SECURITY
INSURANCE COMPANY, a Vermont
Corporation; and DOES 1-1000,
inclusive,

        Defendants.

Civ. NO. S-09-2707 FCD KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on plaintiffs Richard and Donna Gerhart's ("plaintiffs") motion to remand this action to the Placer County Superior Court (the "Superior Court") on the ground the court lacks subject matter jurisdiction over plaintiffs' claims. More specifically, plaintiffs argue: (1) their complaint alleges only state law claims which do not present any federal questions; and (2) there is no basis for

removal under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because defendants untimely removed on that basis and/or the substantive requirements of CAFA are not met. Defendants Beazer Homes Holdings Corporation dba Beazer Homes and Beazer Mortgage Corporation ("defendants") oppose the motion, arguing plaintiffs' state law claims are predicated on the determination of a federal question under the Real Estate Settlement Practices Act ("RESPA"), and their motion under CAFA was timely because plaintiffs failed to unambiguously establish a basis for federal jurisdiction until the filing of their third amended complaint ("TAC").[1]

**BACKGROUND**

The original complaint in this case was filed on March 12, 2008, in the Superior Court. On June 2, 2008, plaintiffs filed a first amended complaint ("FAC") alleging a violation of RESPA and state law claims for breach of written contract, negligence, fraud, fraudulent concealment, unjust enrichment, violation of California Business & Professions Code § 17200 ("UCL" or "unfair business practices"), and declaratory relief.

On July 17, 2008, defendants removed the case to this court. On August 28, 2008, defendants filed a motion to dismiss or, in the alternative, for summary judgment, with respect to the claims of the sole-named plaintiffs at that time, Angel Maxion and Daisy

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R.230(g).

2

Maxion. Prior to a final ruling on the motion, however, plaintiffs filed a second amended complaint ("SAC") on November 26, 2008. The SAC substituted Richard and Donna Gerhart as the named plaintiffs in the action.

On January 9, 2009, defendants filed a motion to dismiss the SAC. In a memorandum and order of March 23, 2009, this court dismissed the sole federal claim, alleging a violation of RESPA, and declined to exercise supplemental jurisdiction over the remaining state law claims. The court remanded the case to the Superior Court.

On June 18, 2009, defendants filed a demurrer to the remaining state law claims. On September 2, 2009, the Superior Court entered an order sustaining the demurrer in its entirety, but granting plaintiffs leave to amend certain claims. On September 18, 2009, plaintiffs filed their TAC in the Superior Court. Plaintiffs alleged three state law claims: (1) "unfair business practices," (2) "breach of written contract," and (3) "declaratory judgment."

On September 29, 2009, defendants again removed the case to this court, on the basis of an alleged federal question under RESPA and also pursuant to CAFA. On October 29, 2009, plaintiffs filed the instant motion to remand.

**STANDARD**

A civil case may be removed to federal court if the district court has original federal question jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party

invoking removal bears the burden of establishing federal jurisdiction. See Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mutual Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)). Furthermore, 28 U.S.C. § 1441 is construed strictly against removal jurisdiction. Fardella v. Downey Savings & Loan Ass'n, No. 00-4393, 2001 WL 492442, at *1 (N.D. Cal. May 9, 2001) (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999)).

Removal is proper where a plaintiff's complaint asserts claims created by federal law or where a substantial federal issue of law exists. Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808-10 (1986). As a general rule, the court determines the existence of removal jurisdiction by considering the allegations on the face of the plaintiff's "well-pleaded complaint." See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156 (1997). However, this general rule does not apply when a plaintiff attempts to defeat removal by using "artful pleading" to characterize or disguise a federal claim as a state claim. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). When the plaintiff has "artfully pleaded" his claims, the district court may examine the entire record to determine the true nature of the claims, regardless of the plaintiff's characterization thereof. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).

Also, under CAFA, district courts have original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and the amount in

4

controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.

**ANALYSIS**

**A. Existence of a Federal Question**

Defendants contend plaintiffs' state law claims for unfair business practices, breach of written contract, and declaratory judgment, while facially plead as state law claims are actually federal claims asserting a violation of RESPA. Similar to plaintiffs' SAC, defendants contend plaintiffs' TAC alleges claims which necessarily require the determination of a federal question; namely, whether defendants violated RESPA.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Sacramento Metropolitan Air Quality Management Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). Federal jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983)). However, "[w]hen a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because

5

federal law is not a necessary element of the claim." Id. (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims could be based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994) (holding that negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction).

In this case, plaintiffs claims do not rely solely on violations of federal law. Specifically, in the first cause of action for unfair business practices, plaintiffs allege, as a predicate act to establish a violation of California Business and Professions Code § 17200, that defendants engaged in "[s]uch unlawful conduct includ[ing], but [] not limited to, violations of RESPA § 2607, *California Financial Code § 50505*, and numerous other federal and *state statutes and regulations*." (Compl., attached to Notice of Removal, filed Sept. 29, 2009, ¶ 56 (emphasis added).) Similarly, in their second cause of action for breach of written contract, while plaintiffs allege breaches based on claimed RESPA violations, they also allege defendants breached certain contracts "through excess charges for fees and services." (Compl., ¶ 70). As such, resolution of a federal

6

question pursuant to RESPA is not essential.[2]  Rather, because relief can be granted on plaintiffs' claims on grounds independent of federal law, determination of federal law is not a *necessary* element of one of the well-pleaded state claims, and thus, this court does not have a basis for federal question jurisdiction.  See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories.").[3]

**B.  Timeliness of Removal**

As an alternative basis to remove, defendants contend that, pursuant to CAFA, this court has diversity jurisdiction over plaintiffs' class action complaint.  Defendants raised CAFA as a basis for federal jurisdiction only in their most recent removal notice, filed September 29, 2009, some seventeen months after plaintiffs filed their initial complaint.  Defendants argue their notice of removal is nonetheless timely because under CAFA a claim does not become removable until a document received by defendants "unambiguously" establishes federal jurisdiction.  (citing Thomas v. Bank of Am. Corp., 570 F.3d 1280, 1283 (11th Cir. 2009)).

---

[2]  Plaintiffs' third cause of action for declaratory relief is premised upon the first two causes of action.

[3]  Because the court finds that the determination of a federal question is not essential to adjudication of plaintiffs' claims, the court need not reach plaintiffs' alternative argument relating to the law of the case doctrine.

Here, defendants contend that because the original plaintiffs, the Maxions, lacked standing, they first received a document establishing CAFA jurisdiction upon plaintiffs filing of the TAC on September 18, 2009. As such, defendants maintain their removal notice of September 29, 2009 was timely.

Under CAFA, the court has original jurisdiction over any claim that exceeds $5,000,000 in value in the aggregate and is a class action in which any member of the class is a citizen of a state different from any defendant. 28 U.S.C.A § 1332(d)(2)(A). Pursuant to Section 1446(b) an action must be removed within thirty days after a defendant receives the initial pleading evidencing a basis for removal. 28 U.S.C. § 1446(b).

Defendants argue, citing the Eleventh Circuit's decision in Thomas, that a claim does not become removable under CAFA until a document received by a defendant "*unambiguously* establishes federal jurisdiction." 570 F.3d at 1283. Defendants contend that plaintiffs' original and first amended complaints did not reveal a basis for CAFA jurisdiction because the named plaintiffs lacked standing. Even assuming arguendo that defendants' standing argument has merit, it still does not justify defendants' remand in September 2009. Plaintiffs substituted the original plaintiffs, the Maxions, with the current plaintiffs, the Gerharts, on November 26, 2008, when they filed their SAC. Defendants do not argue that the Gerharts lacked standing to bring this action. Thus, defendants, at a minimum, were in receipt of a document establishing a basis for CAFA jurisdiction in November 2008, some *ten* months before they filed the instant notice of removal. Clearly, this far exceeds the statutory,

thirty-day removal requirement. Accordingly, defendants have failed to timely remove pursuant to CAFA.[4]

**C. Attorneys' Fees**

Plaintiffs seek attorneys' fees and costs for bringing the instant motion, arguing defendants' removal was simply a delay tactic. Defendants contend they had a reasonable basis to seek removal, and as such, no fees should be awarded.

On granting a motion for remand, the court may order the defendant to pay the plaintiff "its just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). In deciding whether an award is just, the test is whether the removing party had an "objectively reasonable basis for removal." Martin, 546 U.S. at 136. "Absent unusual circumstances, fees should not be awarded when the removing party has an objectively reasonable basis for removal." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).

Here, defendants' removal meets this standard. Plaintiffs' complaint is laced with both direct references to RESPA and language lifted directly from the statute. Indeed, plaintiffs devote an entire section of their TAC to a historical overview and explanation of the statute. (Compl., ¶¶ 16-18). Therefore, at a minimum, there existed a purportedly reasonable basis for defendants to seek removal based on a federal question under RESPA.

---

[4] Because the court finds defendants remand action based on CAFA was brought untimely, the court need not reach a decision on the merits of defendants' argument.

9

Further, as to CAFA, while the court finds defendants' removal on this basis untimely, the court cannot find defendants' removal wholly unreasonable. In reaching this decision, the court has considered that defendants raised CAFA as a basis for removal as an alternative to federal question jurisdiction under RESPA. Because defendants' reliance on RESPA was clearly justifiable, considering the nature of plaintiffs' complaint, the court cannot fault defendants for raising additional, alternative bases for removal. Accordingly, the court denies plaintiffs' request for award of attorneys' fees and costs.

**CONCLUSION**

Because the court does not have federal question jurisdiction over plaintiffs' wholly state law claims nor jurisdiction under CAFA, the court REMANDS this action to the Placer County Superior Court. Defendants' pending motions to dismiss and for a protective order and stay of discovery (Docket #s 11, 15) are Denied as Moot. The hearing on said motions is hereby vacated.

IT IS SO ORDERED.

DATED: February 8, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

10