1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANGEL MAXION and DAISY MAXION,
RICHARD GERHART and DONNA
GERHART, individually and on
behalf of all others similarly
situated,

        Plaintiffs,

     v.

BEAZER HOMES HOLDINGS
CORPORATION dba BEAZER HOMES,
a Delaware Corporation; BEAZER
HOMES HOLDINGS CORP., a
Delaware Corporation; SECURITY
INSURANCE COMPANY, a Vermont
Corporation; and DOES 1-1000,
inclusive,

        Defendants.

Civ. NO. S-09-2707 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs Richard and
Donna Gerhart's ("plaintiffs") motion to remand this action to
the Placer County Superior Court (the "Superior Court") on the
ground the court lacks subject matter jurisdiction over
plaintiffs' claims.  More specifically, plaintiffs argue:
(1) their complaint alleges only state law claims which do not
present any federal questions; and (2) there is no basis for

1  removal under the Class Action Fairness Act of 2005 ("CAFA"), 28

2  U.S.C. § 1332(d), because defendants untimely removed on that

3  basis and/or the substantive requirements of CAFA are not met.

4  Defendants Beazer Homes Holdings Corporation dba Beazer Homes and

5  Beazer Mortgage Corporation ("defendants") oppose the motion,

6  arguing plaintiffs' state law claims are predicated on the

7  determination of a federal question under the Real Estate

8  Settlement Practices Act ("RESPA"), and their motion under CAFA

9  was timely because plaintiffs failed to unambiguously establish a

10 basis for federal jurisdiction until the filing of their third

11 amended complaint ("TAC").[1]

12                              **BACKGROUND**

13      The original complaint in this case was filed on March 12,

14 2008, in the Superior Court.  On June 2, 2008, plaintiffs filed a

15 first amended complaint ("FAC") alleging a violation of RESPA and

16 state law claims for breach of written contract, negligence,

17 fraud, fraudulent concealment, unjust enrichment, violation of

18 California Business & Professions Code § 17200 ("UCL" or "unfair

19 business practices"), and declaratory relief.

20      On July 17, 2008, defendants removed the case to this court.

21 On August 28, 2008, defendants filed a motion to dismiss or, in

22 the alternative, for summary judgment, with respect to the claims

23 of the sole-named plaintiffs at that time, Angel Maxion and Daisy

24

25      [1]   Because oral argument will not be of material
26 assistance, the court orders this matter submitted on the briefs.
   E.D. Cal. L.R.230(g).
27

28

                                   2

Maxion.  Prior to a final ruling on the motion, however, plaintiffs filed a second amended complaint ("SAC") on November 26, 2008.  The SAC substituted Richard and Donna Gerhart as the named plaintiffs in the action.

On January 9, 2009, defendants filed a motion to dismiss the SAC.  In a memorandum and order of March 23, 2009, this court dismissed the sole federal claim, alleging a violation of RESPA, and declined to exercise supplemental jurisdiction over the remaining state law claims.  The court remanded the case to the Superior Court.

On June 18, 2009, defendants filed a demurrer to the remaining state law claims.  On September 2, 2009, the Superior Court entered an order sustaining the demurrer in its entirety, but granting plaintiffs leave to amend certain claims.  On September 18, 2009, plaintiffs filed their TAC in the Superior Court.  Plaintiffs alleged three state law claims: (1) "unfair business practices," (2) "breach of written contract," and (3) "declaratory judgment."

On September 29, 2009, defendants again removed the case to this court, on the basis of an alleged federal question under RESPA and also pursuant to CAFA.  On October 29, 2009, plaintiffs filed the instant motion to remand.

**STANDARD**

A civil case may be removed to federal court if the district court has original federal question jurisdiction.  28 U.S.C. § 1441(b).  Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The party

3

invoking removal bears the burden of establishing federal
jurisdiction.   <u>See</u> <u>Harris v. Provident Life and Acc. Ins. Co.</u>, 26
F.3d 930, 932 (9th Cir. 1994) (<u>quoting</u> <u>Gould v. Mutual Life Ins.
Co.</u>, 790 F.2d 769, 771 (9th Cir. 1986)).   Furthermore, 28 U.S.C.
§ 1441 is construed strictly against removal jurisdiction.
<u>Fardella v. Downey Savings & Loan Ass'n</u>, No. 00-4393, 2001 WL
492442, at *1 (N.D. Cal. May 9, 2001) (citing <u>Prize Frize, Inc.</u>
<u>v. Matrix, Inc.</u>, 167 F.3d 1261, 1265 (9th Cir. 1999)).

        Removal is proper where a plaintiff's complaint asserts
claims created by federal law or where a substantial federal
issue of law exists.   <u>Merrell Dow Pharm. v. Thompson</u>, 478 U.S.
804, 808-10 (1986).   As a general rule, the court determines the
existence of removal jurisdiction by considering the allegations
on the face of the plaintiff's "well-pleaded complaint."   <u>See</u>
<u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156
(1997).   However, this general rule does not apply when a
plaintiff attempts to defeat removal by using "artful pleading"
to characterize or disguise a federal claim as a state claim.
<u>See</u> <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1393 (9th
Cir. 1988).   When the plaintiff has "artfully pleaded" his
claims, the district court may examine the entire record to
determine the true nature of the claims, regardless of the
plaintiff's characterization thereof.   <u>See</u> <u>Federated Dep't</u>
<u>Stores, Inc. v. Moitie</u>, 452 U.S. 394, 397 n.2 (1981).

        Also, under CAFA, district courts have original
jurisdiction over civil class actions filed under federal or
state law in which any member of a class of plaintiffs is a
citizen of a state different from any defendant and the amount in

4

1  controversy for the putative class members in the aggregate
2  exceeds the sum or value of $5,000,000, exclusive of interest and
3  costs.  28 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such
4  actions pursuant to 28 U.S.C. § 1446.

5                              **ANALYSIS**

6       **A.   Existence of a Federal Question**

7            Defendants contend plaintiffs' state law claims for unfair
8  business practices, breach of written contract, and declaratory
9  judgment, while facially plead as state law claims are actually
10 federal claims asserting a violation of RESPA.  Similar to
11 plaintiffs' SAC, defendants contend plaintiffs' TAC alleges
12 claims which necessarily require the determination of a federal
13 question; namely, whether defendants violated RESPA.

14           "The presence or absence of federal question jurisdiction is
15 governed by the 'well-pleaded complaint rule,' which provides
16 that federal jurisdiction exists only when a federal question is
17 presented on the face of the plaintiff's properly pleaded
18 complaint."  <u>Sacramento Metropolitan Air Quality Management Dist.</u>
19 <u>v. United States</u>, 215 F.3d 1005, 1014 (9th Cir. 2000).  Federal
20 jurisdiction may also lie if "it appears that some substantial
21 disputed question of federal law is a necessary element of one of
22 the well-pleaded state claims."  <u>Rains v. Criterion Sys., Inc.</u>,
23 80 F.3d 339, 345 (9th Cir. 1996) (quoting <u>Franchise Tax Bd. of</u>
24 <u>California v. Construction Laborers Vacation Trust for Southern</u>
25 <u>California</u>, 463 U.S. 1, 13 (1983)).  However, "[w]hen a claim can
26 be supported by alternative and independent theories -- one of
27 which is a state law theory and one of which is a federal law
28 theory -- federal question jurisdiction does not attach because

                                   5

1  federal law is not a necessary element of the claim." Id.

2  (holding that the plaintiff's wrongful discharge claim did not

3  give rise to federal question jurisdiction because it could be

4  supported by violations of the state constitution, not only

5  violations of a federal statute); Lippit v. Raymond James Fin.

6  Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that

7  California unfair competition law claims did not give rise to

8  federal question jurisdiction because such claims could be based

9  on unfair or fraudulent conduct generally, and not necessarily

10  violations of federal rules and regulations); Mulcahey v.

11  Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994)

12  (holding that negligence action alleging violations of local,

13  state, and federal environmental laws did not confer federal

14  question jurisdiction).

15      In this case, plaintiffs claims do not rely solely on

16  violations of federal law.  Specifically, in the first cause of

17  action for unfair business practices, plaintiffs allege, as a

18  predicate act to establish a violation of California Business and

19  Professions Code § 17200, that defendants engaged in "[s]uch

20  unlawful conduct includ[ing], but [] not limited to, violations

21  of RESPA § 2607, *California Financial Code § 50505*, and numerous

22  other federal and *state statutes and regulations*."  (Compl.,

23  attached to Notice of Removal, filed Sept. 29, 2009, ¶ 56

24  (emphasis added).)  Similarly, in their second cause of action

25  for breach of written contract, while plaintiffs allege breaches

26  based on claimed RESPA violations, they also allege defendants

27  breached certain contracts "through excess charges for fees and

28  services."  (Compl., ¶ 70).  As such, resolution of a federal

6

1  question pursuant to RESPA is not essential.[2]  Rather, because

2  relief can be granted on plaintiffs' claims on grounds

3  independent of federal law, determination of federal law is not a

4  *necessary* element of one of the well-pleaded state claims, and

5  thus, this court does not have a basis for federal question

6  jurisdiction.  See <u>Christianson v. Colt Industries Operating</u>

7  <u>Corp.</u>, 486 U.S. 800, 810 (1988) ("[A] claim supported by

8  alternative theories in the complaint may not form the basis for

9  [federal] jurisdiction unless [federal] law is essential to each

10  of those theories.").[3]

11  **B.  Timeliness of Removal**

12      As an alternative basis to remove, defendants contend that,

13  pursuant to CAFA, this court has diversity jurisdiction over

14  plaintiffs' class action complaint.  Defendants raised CAFA as a

15  basis for federal jurisdiction only in their most recent removal

16  notice, filed September 29, 2009, some seventeen months after

17  plaintiffs filed their initial complaint.  Defendants argue their

18  notice of removal is nonetheless timely because under CAFA a

19  claim does not become removable until a document received by

20  defendants "unambiguously" establishes federal jurisdiction.

21  (citing <u>Thomas v. Bank of Am. Corp.</u>, 570 F.3d 1280, 1283 (11th

22  Cir. 2009)).

23

24

---

25      [2]  Plaintiffs' third cause of action for declaratory

26  relief is premised upon the first two causes of action.

27      [3]  Because the court finds that the determination of a
    federal question is not essential to adjudication of plaintiffs'

28  claims, the court need not reach plaintiffs' alternative argument
    relating to the law of the case doctrine.

1    Here, defendants contend that because the original

2  plaintiffs, the Maxions, lacked standing, they first received a

3  document establishing CAFA jurisdiction upon plaintiffs filing of

4  the TAC on September 18, 2009.  As such, defendants maintain

5  their removal notice of September 29, 2009 was timely.

6    Under CAFA, the court has original jurisdiction over any

7  claim that exceeds $5,000,000 in value in the aggregate and is a

8  class action in which any member of the class is a citizen of a

9  state different from any defendant.  28 U.S.C.A § 1332(d)(2)(A).

10 Pursuant to Section 1446(b) an action must be removed within

11 thirty days after a defendant receives the initial pleading

12 evidencing a basis for removal.  28 U.S.C. § 1446(b).

13    Defendants argue, citing the Eleventh Circuit's decision in

14 Thomas, that a claim does not become removable under CAFA until a

15 document received by a defendant "*unambiguously* establishes

16 federal jurisdiction."  570 F.3d at 1283.  Defendants contend

17 that plaintiffs' original and first amended complaints did not

18 reveal a basis for CAFA jurisdiction because the named plaintiffs

19 lacked standing.  Even assuming arguendo that defendants'

20 standing argument has merit, it still does not justify

21 defendants' remand in September 2009.  Plaintiffs substituted the

22 original plaintiffs, the Maxions, with the current plaintiffs,

23 the Gerharts, on November 26, 2008, when they filed their SAC.

24 Defendants do not argue that the Gerharts lacked standing to

25 bring this action.  Thus, defendants, at a minimum, were in

26 receipt of a document establishing a basis for CAFA jurisdiction

27 in November 2008, some *ten* months before they filed the instant

28 notice of removal.  Clearly, this far exceeds the statutory,

8

1   thirty-day removal requirement.  Accordingly, defendants have

2   failed to timely remove pursuant to CAFA.[4]

3       **C.   Attorneys' Fees**

4       Plaintiffs seek attorneys' fees and costs for bringing the

5   instant motion, arguing defendants' removal was simply a delay

6   tactic.  Defendants contend they had a reasonable basis to seek

7   removal, and as such, no fees should be awarded.

8       On granting a motion for remand, the court may order the

9   defendant to pay the plaintiff "its just costs and any actual

10  expenses, including attorneys' fees, incurred as a result of the

11  removal."  28 U.S.C. § 1447(c); see Martin v. Franklin Capital

12  Corp., 546 U.S. 132, 136 (2005).  In deciding whether an award is

13  just, the test is whether the removing party had an "objectively

14  reasonable basis for removal."  Martin, 546 U.S. at 136.  "Absent

15  unusual circumstances, fees should not be awarded when the

16  removing party has an objectively reasonable basis for removal."

17  Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).

18      Here, defendants' removal meets this standard.  Plaintiffs'

19  complaint is laced with both direct references to RESPA and

20  language lifted directly from the statute.  Indeed, plaintiffs

21  devote an entire section of their TAC to a historical overview

22  and explanation of the statute.  (Compl., ¶¶ 16-18).  Therefore,

23  at a minimum, there existed a purportedly reasonable basis for

24  defendants to seek removal based on a federal question under

25  RESPA.

26  _____

27      [4]   Because the court finds defendants remand action based
    on CAFA was brought untimely, the court need not reach a decision
28  on the merits of defendants' argument.

9

1    Further, as to CAFA, while the court finds defendants'
2    removal on this basis untimely, the court cannot find defendants'
3    removal wholly unreasonable.  In reaching this decision, the
4    court has considered that defendants raised CAFA as a basis for
5    removal as an alternative to federal question jurisdiction under
6    RESPA.  Because defendants' reliance on RESPA was clearly
7    justifiable, considering the nature of plaintiffs' complaint, the
8    court cannot fault defendants for raising additional, alternative
9    bases for removal.  Accordingly, the court denies plaintiffs'
10   request for award of attorneys' fees and costs.

                                **CONCLUSION**

12   Because the court does not have federal question
13   jurisdiction over plaintiffs' wholly state law claims nor
14   jurisdiction under CAFA, the court REMANDS this action to the
15   Placer County Superior Court.  Defendants' pending motions to
16   dismiss and for a protective order and stay of discovery (Docket
17   #s 11, 15) are Denied as Moot.  The hearing on said motions is
18   hereby vacated.

19   IT IS SO ORDERED.
20   DATED: February 8, 2010

                             _____
22                           FRANK C. DAMRELL, JR.
                             UNITED STATES DISTRICT JUDGE

                                     10